IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK08-40370-TLS |
| ) | |
| TIMOTHY W. BUNN and ) | CH. 7 |
| MARGIE E. HARTZOG-BUNN, ) | |
| ) | |
| Debtors. ) | |
| JIM MORAN & ASSOCIATES, INC. and ) | ADV. NO. A08-04060-TLS |
| FIDELITY WARRANTY SERVICES, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| TIMOTHY W. BUNN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This adversary proceeding was presented to the Court on a Stipulation of Facts ("Stipulation") filed by the parties on July 17, 2009 (Fil. #23). Michael J. Whaley represents Jim Moran & Associates, Inc. and Fidelity Warranty Services, Inc., Plaintiffs, and Joel G. Lonowski represents Timothy W. Bunn, Defendant.

Pursuant to the Stipulation, the issues to be addressed by the Court at this time are whether Mr. Bunn can be held personally liable for noncompliance with the parties' contract and, if so, whether that personal liability is nondischargeable under 11 U.S.C. § 523(a)(2), (4), or (6). As more fully discussed below, I find in favor of Defendant.

*Background*

Mr. Bunn is the president/manager of Mt. Vernon Ford Mercury, LLC, Reo Chevrolet of Rockport, LLC, and Heartland Ford Mercury of Duquoin, LLC ("Dealers"). Each of the Dealers appears to be a limited liability company, although there is no reference in the Stipulation or in Mr. Bunn's bankruptcy schedules as to the state of organization of the limited liability companies.

Plaintiffs and Dealers are parties to an "Administrative Agreement" dated May 22, 2004, whereby the Dealers would participate in a program under which the Dealers would sell service

contracts offered by Plaintiffs to individuals who purchased motor vehicles from the Dealers. A copy of the Administrative Agreement is attached to the Stipulation of Facts (Fil. #23).[1]

Paragraph 3(B) of the Administrative Agreement contains a provision requiring the Dealers to hold any money received from the sale of a service contract in a fiduciary capacity for Plaintiffs. The Dealers did sell service contracts pursuant to the Administrative Agreement, and the motor vehicle purchasers paid the Dealers for the service contracts. The Dealers apparently failed to remit some or all of the required proceeds to Plaintiffs as required by the Administrative Agreement. There is no evidence that Mr. Bunn directly received any of the money that should have been remitted to Plaintiffs. However, there is no explanation as to what became of the funds that Plaintiffs claim are owed.

## *Discussion*

The Bankruptcy Code prohibits the discharge of a debt for money obtained through fraudulent conduct. This embodies "a basic policy animating the Code of affording relief only to an honest but unfortunate debtor." *Cohen v. de la Cruz*, 523 U.S. 213, 217 (1998) (internal citation omitted). In order to prevail, Plaintiffs must show, by a preponderance of the evidence, that the debt is excepted from discharge under 11 U.S.C. § 523. *Grogan v. Garner*, 498 U.S. 279, 287-88 (1991).

Since Mr. Bunn is not a personally a party to the Administrative Agreement the parties have identified the first issue to be whether he could be held personally liable for the failure of the Dealers to comply with the Administrative Agreement. Apparently, the parties are saying that if there is no debt owed by Mr. Bunn, then the dischargeability question need not be addressed. However, the issue is not whether Mr. Bunn has a contractual obligation to the Plaintiffs. Instead, the issue is whether the facts can establish that Mr. Bunn, in his individual capacity or his capacity as the president/manager of the Dealers, took any action to support a cause of action under 11 U.S.C. § 523(a)(2), (4), or (6).

The only facts this Court has to work with are those set forth in the Stipulation. Those facts are fairly limited. They establish that Bunn was the "President/Manager" of the Dealers; that he signed the Administrative Agreement on behalf of the Dealers; that the Dealers sold service contracts and collected premiums under the agreement; and that Plaintiffs assert (though Defendant does not necessarily admit) that the Dealers failed to remit the premiums in accordance with the agreement. The facts also establish the terms of the agreement.

To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the

---

[1]The copy attached to the stipulation, as well as to the complaint, appears to be missing several pages, including the primary signature page that presumably contains a signature on behalf of the Plaintiffs.

representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. *Universal Bank, N.A. v. Grause (In re Grause)*, 245 B.R. 95, 99 (B.A.P. 8th Cir. 2000) (citing *Thul v. Ophaug (In re Ophaug)*, 827 F.2d 340, 342 n.1 (8th Cir. 1987), as supplemented by *Field v. Mans*, 516 U.S. 59 (1995)). While the facts arguably establish elements (1) and (5), there are absolutely no facts to support a finding that Bunn intentionally made a false representation with the intent to deceive the Plaintiffs.

Section 523(a)(4) excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. To prevail, a plaintiff must establish by a preponderance of the evidence that a fiduciary relationship existed between the parties and that the defendant committed defalcation in the course of that fiduciary relationship. *Int'l Fid. Ins. Co. v. Fox (In re Fox)*, 357 B.R. 770, 778 (Bankr. E.D. Ark. 2006). Whether a relationship is a fiduciary relationship within the meaning of § 523(a)(4) is a question of federal law. *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane)*, 124 F.3d 978, 984 (8th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). "Acting in a fiduciary capacity" is limited in application to technical or express trusts, not to trusts that may be imposed because of the alleged act of wrongdoing from which the underlying indebtedness arose. *See Hunter v. Philpott*, 373 F.3d 873 (8th Cir. 2004) ("fiduciary" used in a strict and narrow sense in § 523(a)(4), and fiduciary status must pre-date the debt); *Barclays Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 878-79 (8th Cir. 1985) (for purposes of § 523(a)(4) fraud or defalcation exception, fiduciary capacity must arise from express trust, not constructive trust or mere contractual relationship). Accordingly, the facts fail to establish a cause of action under §523(a)(4).

Finally, § 523(a)(6) provides that a debt may be excepted from discharge if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." To except a debt from discharge under that section, a plaintiff must establish, by a preponderance of the evidence, that the debt arises from an injury that is both willful and malicious. In this context, the term "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional; and a "malicious" injury is one that is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause financial harm. *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180-81 (8th Cir. 2008); *Porter v. Sells (In re Porter)*, 539 F.3d 889, 893-94 (8th Cir. 2008). The injury must have arisen from an intentional tort. *Osborne v. Stage (In re Stage)*, 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)). Again, the stipulated facts in this case wholly fail to establish any element of intent, much less that of a willful and malicious injury.

For each cause of action, Plaintiffs had the burden of establishing the elements by a preponderance of the evidence. As discussed above, Plaintiffs have not done so. Therefore, their claims must be denied.

Separate judgment to be filed.

DATED: October 23, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Michael J. Whaley
    Joel G. Lonowski
    Rick D. Lange
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.